UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICKEY ALLEN JORDAN                           CIVIL CASE NO. 11-CV-0723

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

MARTHA S. GARRISON, ET AL                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion for Partial Summary Judgment. Plaintiff claims that he was not provided proper medical treatment while in pre-trial custody. Defendants assert that they are entitled to summary judgment because: (1) Deputies Martha Garrison and Michael Pye are entitled to qualified immunity; (2) Deputies Garrison and Pye cannot be liable for harms caused by others; (3) Sheriff Prator is no longer a named defendant; (4) no medical staff personnel are named defendants; (5) the Caddo Parish Sheriff's Office provided plaintiff timely and reasonable medical treatment and did not act with deliberate indifference regarding plaintiff's medical complaints; (6) plaintiff did not suffer substantial harm as a result of the medical care provided; and (7) there is no evidence of an official policy or custom to establish liability against the Caddo Parish Sheriff's Office for the claims alleged herein.

For the reasons set forth below, the Motion for Partial Summary Judgment on this issue is **GRANTED**.

**BACKGROUND**

Plaintiff was arrested on Sunday, May 16, 2010. During his intake screening that day, he was seen at the Medical Unit of the Caddo Correctional Center ("CCC"). Plaintiff told the staff that he had Type 2 diabetes and several other conditions, for which he was

being treated at the Overton Brooks VA hospital. Plaintiff's blood pressure and blood sugar were tested as part of the intake screening. (Rec. Doc. 59-3, Affidavit of Sheila Wright). During intake, at the request of the Medical Unit staff, Plaintiff signed a release of his medical records. The release was subsequently faxed to the staff at Overton Brooks.

At 8:30 pm that same day, the nurse at CCC called LSU Health Sciences Center and spoke to Dr. Woods regarding the Plaintiff. Dr. Woods ordered various medications, including a one-time dose of Metformin, 500 mg, and six (6) units of Novolin, an insulin, to treat the Plaintiff's blood sugar. The Plaintiff was also to be seen during the next regularly scheduled, non-emergency doctor's call, scheduled for Tuesday, May 18, 2010. At 8:35 pm, the medical records note that the nurse distributed the medications to the Plaintiff. (Rec. Doc. 59-3, Affidavit of Sheila Wright).

The next day, May 17, 2010, the Medical Unit staff ordered all of the medications currently being prescribed to the Plaintiff after receiving the records from Overton Brooks. Plaintiff was placed on a 2,000 calorie diabetic diet program, and that information was forwarded to the kitchen. (Rec. Doc. 59-3, Affidavit of Sheila Wright) The staff also checked the Plaintiff's blood sugar before breakfast, before lunch, and before dinner. A nurse administered 10 units of Insulin NPH after the last blood sugar check. (Rec. Doc. 59-3, Affidavit of Sheila Wright). Subsequently, Plaintiff was released from custody. (Rec. Doc. 59-3, Affidavit of Sheila Wright).

## LAW AND ANALYSIS

I.  **Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th

Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant can not meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

## II.   Defendants are Entitled to Qualified Immunity.

Government officials, including police officers, are entitled to immunity "from liability for civil damages insofar as their condue does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

In Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the Supreme Court held that a court ruling upon the issue of qualified immunity must apply a

two-step analysis.[1] The Court must determine whether "the facts alleged show the officer's conduct violated a constitutional right." Id. If a violation is established, the Court must then determine whether the officer's actions were objectively reasonable in light of clearly established law at the time of the conduct in question.[2] Id.; Freeman v. Gore, 483 F.3d 404, 411 (5th Cir. 2007). "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." Goodson v. Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000). If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact. Tarver v. City of Edna, 410 F.3d 745, 750 (5th Cir. 2005) (citing Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (the qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law.")); Saucier, 533 U.S. at 206 ("qualified immunity can apply in the event the mistaken belief was reasonable). The question of whether an official's conduct was objectively reasonable is a question of law which should be decided by the Court at the earliest possible stage of the litigation. Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam); Evett v. DETNTFF, 330 F.3d 681, 688 (5th Cir. 2003) (citing Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994)). In summary,

---

[1] In Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009), the Supreme Court held that while the sequence set forth in Saucier is often appropriate, it is no longer mandatory. Instead, lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."

[2] "A constitutional right is clearly established for purposes of section 1983 only if the law is clear enough such that 'a reasonable official would understand that what he is doing violates that right.'" Kovacic v. Villarreal, 628 F.3d 209, 213 (5th Cir. 2010), cert. denied, 131 S.Ct. 2995 (2011), quoting Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)).

if no reasonably competent officer could have believed, under the facts and circumstances available, that his conduct conformed to clearly established law, only then would the officer not be entitled to qualified immunity.

### a. Qualified Immunity Applies to Medical Care Claim Under the Fourteenth and Eighth Amendments

Because plaintiff was a pretrial detainee at the time of the alleged incident, his constitutional rights are derived from the Fourteenth Amendment. Edwards v. Loggins, 476 Fed.Appx. 325 (5th Cir. 2012) (citing Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996) (en banc)). The Eighth Amendment case law explains that not every governmental action adversely affecting the interests or well-being of a prisoner is subject to constitutional scrutiny; only the "unnecessary and wanton infliction of pain" constitutes "cruel and unusual punishment" in violation of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986); Ingraham v. Wright, 430 U.S. 651, 670, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711 (1977). There is no genuine dispute of material fact that the Caddo Correctional Center Medical Unit provided appropriate medical treatment. There is no evidence that defendants acted with deliberate indifference with regard to plaintiff's medical conditions.

With regard to medical care, the jurisprudence in the Fifth Circuit is abundantly clear that the standard applied is whether the plaintiff's "serious medical needs are met with deliberate indifference." Abrams v. Jones, 2004 WL 1197099, p.5 (E.D. La. 2004) (citing Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); see also Edwards v. Loggins, 476 Fed. Appx. 325, 327. Recently, the Eastern District of Louisiana quoted Hare v. City of Corinth, Miss., 74 F.3d 633, 650, and more fully explained that the deliberate indifference standard for a pretrial detainee applies to episodic acts or omissions,

unless the plaintiff is able to demonstrate the existence of pervasive acts, an identifiable intended practice, or the implementation of a rule. Ford v. Gusman 2012 WL 2567063. The Supreme Court explained the deliberate indifference standard in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Court explained that guards could show deliberate indifference by "intentionally denying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-105. In the context of medical care, the Court further explained that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id. at 106. The plaintiff "must allege facts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. A plaintiff must show a wanton disregard for his serious medical needs, such as a refusal to treat him, ignoring his complaints, or intentionally treating him incorrectly. Domino v. Tex. Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001). Lastly, a "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

In this instance, there is no dispute that the Plaintiff received medical care for his diabetes under the supervision of the Medical Unit at CCC during the intake process, and, during the course of Plaintiff's confinement at CCC, he received timely and appropriate medical care. The staff at CCC contacted a physician to determine what medications should be provided to the Plaintiff, and the nurse administered them. (Rec. Doc. 59-3, p. 9) The Medical Unit also checked Plaintiff's blood sugar level throughout the day of May 17, 2010 and administered another dose of insulin that evening. (Rec.

Doc. 59-3, Affidavit of Sheila Wright**)**. These actions, clearly directed to the medical care of Plaintiff, clearly permit summary judgment to be granted under current case law.[3] Accordingly, the facts fail to indicate that the medical unit at CCC acted with a deliberate indifference toward the Plaintiff.

Plaintiff also fails to provide any evidence that the alleged delay or failure to provide appropriate medical care resulted in "substantial harm" to him. The Plaintiff states that his employment was affected by the lack of treatment of his diabetes. However, no witnesses nor documents were provided which support his claim.

In addition, there is no evidence that Deputies Garrison and Pye, the only two remaining defendants in the instant case, knew of Plaintiff's diabetes or showed deliberate indifference toward his condition.

Therefore, the defendants are entitled to qualified immunity because the Caddo Parish Sheriff's Office provided plaintiff timely and reasonable medical treatment and did not act with deliberate indifference regarding plaintiff's medical complaints.

---

[3]<u>Brandenburg v. Corrections Corp. of America</u>, 2014 WL31345, p. 3 (W.D. La. 2014, J. Trimble) (plaintiff failed to state a claim when he received treatment for his diabetes when he requested sick call and was provided medication. "Even if he had … experienced a two to three month delay in obtaining medications, his claim would still fail because he suffered no substantial harm."); <u>Rainey v. Brown</u>, 2011 WL2620344 (W.D. La. 2011, J. Hayes) (plaintiff failed to state a claim when he failed to describe how the diabetic meal program was not appropriate or describe substantial harm resulting from the care provided); <u>Harris v. Donaldson</u>, 71 F.3d 876 (5th Cir. 1995) (plaintiff's claims dismissed when he received continual medical treatment for his diabetes, including blood sugar monitoring and insulin).

**CONCLUSION**

The Court finds that the Caddo Parish Sheriff's Office provided Plaintiff timely and reasonable medical treatment and did not act with deliberate indifference regarding Plaintiff's medical complaints. Accordingly, summary judgment in favor of the Defendants is appropriate as a matter of fact and law.

THEREFORE,

**IT IS ORDERED** that the Motion for Summary Judgment of the defendants [Doc. No. 59] shall be **GRANTED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 14th day of February, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE